UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GWENDOLYN J. SCOTT                    CIVIL ACTION NO. 10-cv-0381

VERSUS                                JUDGE HICKS

U.S. COMMISSIONER SOCIAL              MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

### REPORT AND RECOMMENDATION

Gwendolyn J. Scott ("Plaintiff"), who is self-represented, commenced this action by filing a complaint against the Commissioner of the Social Security Administration. Plaintiff challenged an unfavorable decision on an application for disability benefits. The Commissioner filed an answer and copy of the administrative record.

The court's scheduling order then allowed Plaintiff 60 days to file a brief and present the specific errors that Plaintiff contends were committed at the administrative level and entitle Plaintiff to judicial relief. The scheduling order provides that the court "will consider only those errors specifically identified in the briefs."

Several days after the briefing deadline, Plaintiff requested an extension of time so that she might have time to get an attorney. Plaintiff did not specify how much time she requested, but the court granted her approximately 40 additional days, or until October 20, 2010 to file a brief. Plaintiff has not filed a brief or anything else in the more than eight months since the extended briefing deadline passed.

A district court has the inherent authority to dismiss an action, even *sua sponte*, for failure to prosecute, with or without notice to the parties. Link v. Wabash Railroad Co., 82 S.Ct. 1386, 1388-89 (1962); Rogers v. Kroger Co., 669 F.2d 317, 319-20 (5th Cir. 1982). Dismissal is warranted in these circumstances. Under the court's standing order governing social security appeals, the court reviews only those issues that are specifically raised by the plaintiff in a written brief. Plaintiff has not presented any particular issues or demonstrated adequate interest in pursuing the case to warrant the court spending additional time or resources on the matter.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of July, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE